IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ONEIDA MCCARTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS AND STATE |
| OFFICER STRASANTI, STAR NO. 8496, OFFICER LEON, STAR NO. 19511, OFFICER VIZZINI, STAR NO. 4546, and THE CITY OF CHICAGO, | ) ) ) ) | SUPPLEMENTAL CLAIMS |
| | ) | **JURY DEMANDED** |
| | ) | |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343,1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Oneida McCarter was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant City of Chicago Police Officer, Star No. 8496, ("Strasanti") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned, Defendant City of Chicago Police Officer Leon, Star No. 19511, ("Leon") was employed by the City of Chicago Police Department, and was acting

under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned, Defendant City of Chicago Police Officer Leon, Star No. 4546, ("Vizzini") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

(Strasanti, Leon and Vizzini are referred to herein as the "Individual Defendants")

7. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

8. On or about September 11, 2015, Plaintiff was lawfully in a public place, in the City of Chicago, Cook County, State of Illinois.

9. On that day and place Defendants seized Plaintiff.

10. Plaintiff did not consent to being seized.

11. In the process of seizing Plaintiff, Defendant Strasanti used force against Plaintiff.

11. There was no legal cause for Defendant Strasanti to use force against Plaintiff.

12. On September 11, 2015, Defendants caused false criminal charges to be brought against Plaintiff for parking/standing in a prohibited area, improper use of a horn, and parallel parking greater than 12 inches away from the curb.

13. On or about November 21, 2015, the charges terminated in Plaintiff's favor.

14. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

15. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

16. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
## Plaintiff Against Strasanti for
## EXCESSIVE FORCE

17. Plaintiff hereby incorporates and realleges paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

18. During Plaintiff's seizure, Strasanti used excessive force against Plaintiff's person.

19. There was no legal cause for Strasanti to use force against Plaintiff.

20. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

21. The physical violence inflicted upon Plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
### Plaintiff Against the Individual Defendants and City of Chicago For
### The Supplemental Claim Of MALICIOUS PROSECUTION

22. Plaintiff hereby incorporates and realleges paragraphs one (1) through sixteen (16) hereat as though fully alleged at this place.

23. The Individual Defendants caused a criminal prosecution to commence and continue against Plaintiff.

24. The Individual Defendants, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

25. The Individual Defendants initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

26. The criminal proceedings were terminated in the Plaintiff's favor on or about November 21, 2015.

27. The City of Chicago is liable to Plaintiff for the acts of pursuant to the doctrine of *respondeat superior*.

28. Therefore, Defendants and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com